**Teresa A. TOLER, and Roy Toler, Sr., Plaintiffs,**

v.

**STATE FARM MUTUAL INSURANCE COMPANY, Defendant.**

No. Civ.A. 2:99–1018.

United States District Court,
S.D. West Virginia,
Charleston Division.

May 10, 2000.

John H. Bicknell, Menis E. Ketchum, Greene, Ketchum, Bailey & Tweel, Huntington, WV, for plaintiff.

Carl L. Fletcher, Jr., Charles S. Piccirillo, Shaffer & Shaffer, Madison, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are the parties' cross-motions for summary judgment. For reasons that follow, Defendant's motion is **GRANTED** and Plaintiffs' motion is **DENIED.**

## I. FACTUAL BACKGROUND

The parties stipulated to the following facts. Roy Toler, Sr. owned and operated M & R Autoworks, a car repair business located in Mingo County, West Virginia. Felicia Johnson brought her car to M & R Autoworks to have some body work done. Due to difficulties with the car's air bag assembly and caution light, Johnson's car had to be delivered to a Huntington dealership for further repair.

Around the same time, Toler's wife, Teresa, and their daughter-in-law, Martha, planned a shopping trip to Huntington. Toler asked his wife and daughter-in-law if they would deliver Johnson's car to Huntington on this trip.[1] They agreed, and on August 18, 1998 the two women set out for Huntington in the Johnson car. Martha drove and Teresa was the passenger.

While passing through Kermit, a vehicle driven by Paula K. Adams failed to yield the right-of-way and struck the Johnson car. Adams was insured by Dairyland Insurance Company. Dairyland conceded

1. Martha delivered the same car to Huntington approximately one week earlier.

2. Presumably Teresa Toler suffered physical injury as a result of the accident. The parties

Adams' liability for the accident and paid Adams' policy limits, $20,000.00, to Teresa. Johnson's car was insured by State Farm Automobile Insurance Company. State Farm Automobile Insurance Company paid Teresa $25,000.00, the limits of its medical payment coverage on the policy insuring Johnson.[2]

The Defendant, State Farm Mutual Insurance Company, insured Plaintiffs and Martha and her husband, Roy Toler, Jr. The policies issued to both Toler families are identical. Each provides, *inter alia,* underinsurance coverage and medical payment coverage. The underinsurance portions of the policies state, in relevant part, as follows:

We will pay damages for *bodily injury* and *property damage* an *insured* is legally entitled to collect from the owner or driver of an *underinsured motor vehicle.* The *bodily injury* or *property damage* must be caused by an accident arising out of the operation, maintenance, or use of an *underinsured motor vehicle.*

\* \* \* \* \* \*

*Insured* —means the *person* or *persons* covered by ... underinsured motor vehicle coverage. This is:

1. you;
2. your spouse;
3. any relative; and
4. any other *person* while *occupying* with the *consent* of *you* or *your spouse:*
   a. *your car;*
   b. a *temporary substitute car;*
   c. a *newly acquired car* if registered in West Virginia; or
   d. a trailer attached to such car.
5. any *person* entitled to recover damages because of *bodily injury*

both argue under the assumption that Toler was physically injured, but there is no account of her injuries in the stipulation of facts.

to an *insured* under 1 through 4 above.

(Pls.Mot. for Summ.J., Ex. B at 14–15.)

The medical payment sections of the policies contain, *inter alia*, the following relevant provisions:

> We will pay medical expenses for *bodily injury* sustained by:
>
> 1. a. the first *person* named in the declarations;
>    b. his or her *spouse;*
>    c. their relatives.
>
>    These *persons* have to sustain the *bodily injury:*
>
>    a. while they operate or *occupy* a vehicle covered under the liability section;
>
> \* \* \* \* \* \*
>
> 2. any other *person* while *occupying:*
>
> \* \* \* \* \* \*
>
>    b. a *non-owned car.* The *bodily injury* has to result from such *car's* operation or occupancy by the first *person* named in the declarations, his or her *spouse* or their relatives.
>
> \* \* \* \* \* \*
>
> **What Is Not Covered**
>
> THERE IS NO COVERAGE:
>
> 1. WHILE A *NON-OWNED CAR* IS USED:
>
>    a. BY ANY *PERSON* EMPLOYED OR ENGAGED IN ANY WAY IN A *CAR BUSINESS.*

(*Id.* at 11, 13.)

"Car business" is defined as "a business or job where the purpose is to sell, lease, repair, service, transport, store or park land motor vehicles or trailers." (*Id.* at 3.) A "non-owned car" is a "*car* not owned, registered or leased by: 1. you, your spouse; 2. any relative ... 3. any other *person* residing in the same household as *you, your spouse* or any *relative.*" (*Id.*)

Teresa submitted claims under both her policy and Martha's policy. State Farm denied underinsurance coverage under the

Martha/Roy Toler, Jr. policy and medical payment coverage under both policies. Plaintiffs then filed this action in the Circuit Court of Mingo County, West Virginia and Defendant removed.

## II. DISCUSSION

Because the parties have stipulated to all material facts, this case may be resolved on the cross motions for summary judgment. Three separate claims are in dispute: (1) Teresa's claim for medical payment coverage under her policy; (2) her claim for medical payments coverage under the Martha and Roy Toler, Jr. policy; and (3) her claim for underinsurance coverage under the Martha and Roy Toler, Jr. policy.

With respect to the last claim, the policy is clear that underinsurance is available only for the policyholder, a spouse, a relative [3] of the policyholder, or any person occupying a car owned by the policyholder or being used as a temporary substitute car. Teresa Toler meets none of these definitions. Underinsurance coverage is not available to Teresa under Martha's policy. Defendant's Motion for Summary Judgment on this claim is **GRANTED.**

Plaintiffs' remaining two claims depend on the proper construction of coverage for injuries suffered by an insured in a "non-owned car." The parties agree Johnson's car was a non-owned car under the policy. However, Defendant argues Teresa and Martha were delivering a car for M & G Autoworks, and thus engaged in a car business when the accident occurred. Plaintiffs argue because Teresa Toler was not paid by M & G Autoworks, she was not so engaged.

The Court first looks to the policy language to determine if there is any ambiguity. *See Murray v. State Farm Fire & Cas. Co.*, 203 W.Va. 477, ——, 509 S.E.2d 1, 7 (1998) ("When a court interprets an

---

**3.** A "relative" must reside with the policyholder. Teresa Toler is not a relative of Martha under the policy terms.

insurance policy, the '[l]anguage in an insurance policy should be given its plain, ordinary meaning.'"). The exclusion states there is no coverage when a non-owned car is operated "by any person employed or engaged in any way in a car business." (Pls.Mot. for Summ.J., Ex. B at 13.) There is no dispute that Martha Toler was not employed by M & G Autoworks. Therefore, the only question is whether she was engaged in any way in a car business.

The Supreme Court of Appeals of West Virginia upheld the validity of an automobile business exclusion in *Carney v. Erie Ins. Co.*, 189 W.Va. 702, 434 S.E.2d 374 (1993). In that case, the court explained the vehicle's use at the time of the accident is the focal point for determining whether the car-business exclusion applies. *See id.* 189 W.Va. at 707 n. 6, 434 S.E.2d at 379 n. 6 ("Where a salesperson is using the automobile dealership's car on a purely personal mission, then the salesperson's automobile policy's exclusion on use in the automobile business does not apply because *it is the vehicle's use at the time of the accident that is the focal point*.") (emphasis added). Courts routinely hold a person delivering a vehicle for repairs is engaged in an automobile business. *See, e.g.*, Eliot J. Katz, *Who Is "Employed or Engaged in the Automobile Business" Within Exclusionary Clause of Liability Policy*, 55 A.L.R.4th 261 § 9 (1987) (citing cases). Here, the vehicle was being delivered to Huntington for further repairs. The delivery was in furtherance of the car business of M & G Autoworks. The Court **FINDS** and **CONCLUDES** the unambiguous language of the exclusion precludes coverage for an accident arising out of the car business use of the Johnson vehicle. Defendant's motion is **GRANTED** and Plaintiffs' motion is **DENIED**.

## III. CONCLUSION

There being no genuine issue of material facts, Defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment is **GRANTED** and Plaintiffs' motion is **DENIED**. A separate Judgment Order will be entered in favor of Defendant.